UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LACHLAN WATERBURY, KEN FAROTTE, individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SAFEWAY INC., and DOES 1-25, inclusive<br><br>　　　　Defendants.<br>_____/ | No. C 06-02072 JL<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND GRANTING MOTION TO STAY**<br>**(Docket No. 7)** |

## INTRODUCTION

This court has jurisdiction over this case under, *inter alia*, the Fair Labor Standards Act §§ 6 and 7, 29 U.S.C. §§ 206 and 207, California Code of Civil Procedure § 382, Labor Code §§ 201, 202, 203, 226, 226.7, 512, 1171 and 1194 and CCP § 1021.5.

Defendant Safeway ("Safeway") filed a Motion to Dismiss or in the Alternative to Stay requesting this court to dismiss Plaintiffs' Complaint alleging that Plaintiffs are only filing this action in federal court to circumvent the decisions in the underlying state actions. Plaintiffs claim that they are merely seeking to enforce their rights under the Fair Labor Standards Act ("FLSA"). The matter came on for hearing on October 25, 2006. Appearing

for Plaintiffs was Matthew R. Bainer, Esq. of Scott Cole & Associates, APC. Appearing for Safeway were R. Brian Dixon and Laura E. Hayward of Littler Mendelson.

## BACKGROUND

Plaintiffs Ken Farotte and Lachlan Waterbury are former assistant managers of Safeway stores. On March 20, 2006, Plaintiffs filed the instant class action Complaint in U.S. District Court for the Northern District of California alleging causes of action for (1) unpaid overtime under the Fair Labor Standards Act ("FLSA") and California law, (2) failure to provide meal and rest periods, (3) failure to provide accurate itemized wage statements, and (4) unfair business practices under California Business and Professions Code section 17200 on behalf of all assistant managers employed at Safeway reaching back to March 20, 2006.

On April 1, 2005 a similar lawsuit was filed in Alameda County Superior Court with one of the same Plaintiffs, Plaintiff Farotte ("*Farotte* lawsuit"). The *Farotte* lawsuit was also filed on behalf of all assistant managers employed by Safeway who were classified as exempt employees and included the same causes of action, except for the FLSA claim. The Alameda County Superior Court stayed the *Farotte* lawsuit pending resolution of a similar class action lawsuit in Los Angeles County Superior Court, *Knoch v. Safeway Inc. et al* ("*Knoch I* lawsuit") and its related case *Knoch v. Safeway Inc. et al* ( "*Knoch II* lawsuit). The *Knoch I* and *II* lawsuits were filed on behalf of a purported class which includes assistant managers and contain the same causes of action as the *Farotte* lawsuit.

In addition to the state cases and the case at bar, a number of additional multi-plaintiff lawsuits are pending against Safeway in Los Angeles County concerning the same issues. All of the cases currently pending against Safeway spring from the same allegation: that Safeway misclassified its assistant managers. All of these cases contain essentially identical causes of action and some have identical parties. This was precisely the reason why Judge Richman stayed the *Farotte* lawsuit, recognizing that if *Farotte* and *Knoch I & II* were tried concurrently the risk of duplicative and unnecessary litigation would be immense.

**ANALYSIS**

The *Colorado River* doctrine favors abating this action due to considerable overlap of almost all the issues. There is no reason to exercise jurisdiction as long as the client's interest is protected vis-a-vis the statute of limitations. In *Colorado River*, the Supreme Court articulated four factors to be considered by a district court in determining whether abstention is appropriate on issues of concurrent state and federal jurisdiction. Two additional factors were laid out in *Moses H. Cone Memorial Hospital v. Mercury Construction Corp,* as follows:

> 1) whether the jurisdiction is over any res or property;
> 2) the relative convenience of the forums;
> 3) the desirability of avoiding piecemeal litigation;
> 4) the order in which the forums obtained jurisdiction;
> 5) the presence of federal-law issues;
> 6) the ability of the state court to protect the rights of the party seeking federal jurisdiction. *Colo. River Water Conservation Dist. v. U.S.,* 424 U.S. 800, 818 (1976); *Moses v. Mercury*, 460 U.S. 1, 25-26 (1983).

The Ninth Circuit also added a factor:

> 7) whether there is an attempt to forum shop or avoid an adverse ruling of a state court. *Nakash v. Marciano*, 882 F. 2d 1411, 1417 (9th Cir. 1989).

The court in *Moses* emphasized that the decision whether to dismiss a federal action due to parallel litigation in a state court does not rest on a mechanical checklist but rather requires careful analysis of the factors with the balance heavily leaning in favor of exercising jurisdiction. *Id.* at 16. Analysis of the above seven factors follows.

I. WHETHER THE JURISDICTION IS OVER ANY RES OR PROPERTY

Jurisdiction in this case is not over any *res* or property but rather under the FLSA and California Labor Code.

II. THE RELATIVE CONVENIENCE OF THE FORUMS

Convenience of forums is not an issue here because Safeway has already filed motions in the *Farotte* lawsuit in Alameda County and the instant motion in the Northern District without making any reference to any inconvenience of the forums.

III. THE DESIRABILITY OF AVOIDING PIECEMEAL LITIGATION

Issues in the federal and state cases need not be identical, but rather "substantially similar." The Ninth Circuit in *Nakash* held that "exact parallelism" is not required and it is enough that the two proceedings are "substantially similar." 882 F.2d at 1416; *see also Silvaco Data Systems, Inc. V. Technology Modeling Associates, Inc.*, 896 F. Supp. 973, 976 (N.D. Cal. 1995) (finding the fact that the state and federal claims are not identical and not based on exactly the same law does not preclude a finding of "substantial similarity".)

The ruling in *Garcia v. Tamir* demonstrates that the dismissal of a FLSA class action may be appropriate under the *Colorado River* doctrine. In *Garcia,* a class action was brought in federal court alleging failure to pay overtime and minimum wages in violation of the FLSA. 1999 U.S. Dist. LEXIS 11940, *1 (D.N.Y. 1999). The complaint alleged FLSA violations based on the same conduct by the same defendants as in a complaint that the plaintiffs had previously filed in state court. *Id.* Defendants moved to dismiss the federal case pursuant to the *Colorado River* doctrine. *Id.* The court in *Garcia* granted defendant's motion and found that the two cases were comprised of the same essential issues. *Id.* at 17.The court held that the parallel proceedings would lead to inconsistent results, encourage a race to see which forum would resolve the same issue first, and would be highly prejudicial to a reasoned judgment. *Id.* (citing *Arizona v. San Carlos Apache Tribe of Ariz.,* 463 U.S. 545, 567 (1983)).

Plaintiffs in the case at bar argue that the potentially conflicting results reached by the federal and state courts in this case could be awarded through a finding of *res judicata.* They assert that it will not matter whether the state or federal court decides a particular issue, since once it is decided, the decision is final. Although this is clearly an important point, it is problematic in the case at bar because the state cases, particularly *Knoch I* and *II*, were filed over three years ago, the parties have already engaged in a meet and confer process, supplemented their responses, and taken numerous depositions. The issues in both this and the state cases are so intertwined that with so many cases going on at once, it would be difficult to keep track of which issues have been resolved as to which plaintiffs.

It contradicts judicial efficiency to exercise jurisdiction in this matter and require both parties to continually bring motions in front of this Court arguing whether a certain plaintiff is an active plaintiff and whether some issue determined by the state court means it is now precluded in the federal court and vice versa.

## IV. THE ORDER IN WHICH THE FORUMS OBTAINED JURISDICTION

Analysis of this issue should not rely exclusively on which complaint was filed first, but rather on which of the actions has progressed further. *Moses*, 460 U.S. at 21. In the case at bar not only did the state court obtain jurisdiction in the prior lawsuits first, but the state lawsuits are also currently well ahead of this federal action in which the only documents filed are a complaint and the instant motion. Based on the *Moses* case and the fact that the state court lawsuits have progressed significantly further than the current federal action, this court should abstain from exercising jurisdiction in the case at bar.

## V. THE PRESENCE OF FEDERAL-LAW ISSUES

In order to abstain from exercising jurisdiction, this action must have both "substantially similar" plaintiffs and issues.

### SUBSTANTIALLY SIMILAR PLAINTIFFS

Plaintiffs rely on *Interstate Material Corp. v. City of Chicago*, a Seventh Circuit case, to define "substantially similar" as a circumstance where the same parties are contemporaneously litigating the same issues in another forum. However, in *Interstate Material Corp.*, the state and federal action involved different defendants and possibly different plaintiffs. 847 F.2d 1285, 1287 (1988). In the case at bar, the purported classes in both the state and federal lawsuits encompass a group of assistant managers all of whom worked at Safeway. Additionally, the court in the *Farotte* lawsuit already determined that these classes are "substantially similar" enough to warrant a stay in that case.

Further, the Ninth Circuit, in *In Re Cement Antitrust Litigation* held that putative class members are treated as parties for some procedural purposes. 688 F.2d 1297, 1310 (9th Cir. 1982) (citing *American Pipe,* 414 U.S. 538, 550-551). Although there is no definitive precedent to conclude that Plaintiff herein is a "similar plaintiff", Waterbury could be

considered a party in the current action as he is a putative class member in the underlying state action. However, Plaintiff Farotte is definitely a "similar plaintiff" because he was a plaintiff in the *Farotte* state court lawsuit as well as this one. For these reasons, the plaintiffs in both the state and federal actions are "substantially similar."

SUBSTANTIALLY SIMILAR ISSUE

The FLSA claims are subject to the same proof but are narrower in scope; therefore, the claims that class members bring under California law would potentially provide greater relief. Additionally, there is a real risk of potential issue preclusion due to the differences in the opt-in and opt-out standards in state and federal class actions. This could result in a number of plaintiffs being involved in only one of the actions. *Garcia,* 1999 U.S. Dist. LEXIS 11940 at *19.

In a recent decision, *Bahramipour v. Citigroup Global Markets, Inc.*, Judge Wilken of this court essentially held that there is no difference between FLSA and state law claims and that section 17200 of the California Business and Professions Code can be used to enforce the FLSA. This would mean that the same statute of limitations and enforcement procedure apply for both the FLSA and state overtime claims. *See* 2006 U.S. Dist. LEXIS 9010. Although in theory this decision is beneficial for the Plaintiffs, this also supports Safeway's contention that the FLSA and state claims are "substantially similar."

Under Ninth Circuit authority in *Nakash*, the issues in the federal and state claims do not have to be exactly parallel. *Nakash*, 882 F.2d at 1116. *Thiam v. Fillmore Properties*, a Northern District case, provides further guidance. In *Thiam*, Judge White held that a federal civil rights claim was substantially similar to the prior state claim because both claims were premised on the same interactions between the parties. *Thiam v. Fillmore Properties*, 2005 U.S. Dist. LEXIS 40410, *7 (N.D. Cal. 2005). The Central District similarly held in *Ryder Truck Rental v. Acton Foodservices Corp.,* that a federal action is parallel to a state action when it arises out of the same lease and service agreement and differs only in the measure of damages. 554 F. Supp. 277, 279 (C.D. 1983).

In the case at bar the differences between California and federal law are insignificant. Actually the California claims, if successful, would award the plaintiffs more overtime compensation since FLSA calculates overtime at one half of an employee's hourly rate of pay. The statute of limitations is also beneficial to the Plaintiffs under California law because it is longer than under federal law [three or four years versus two years].

The claims in both the state and federal courts in the case at bar are "substantially similar" because the bottom line is that the underlying issue is the same: did Safeway misclassify Plaintiffs and therefore deny them their rightly earned overtime pay?

## VI. THE ABILITY OF THE STATE COURT TO PROTECT THE RIGHTS OF THE PARTY SEEKING FEDERAL JURISDICTION

The state court in the case at bar should be able to protect the rights of the Plaintiffs as evidenced by Plaintiffs' choice to initially file these actions there to sue under California law in the instant federal action. Additionally, FLSA § 29 U.S.C. 216 (b) states that an action can be brought against any employer in any federal or state court of competent jurisdiction. Clearly Congress believed that both the state and federal courts are appropriate forums to serve the rights of plaintiffs in FLSA actions.  Under this authority, the California state court will surely be able to protect the rights of the Plaintiffs in this action.

## VII. WHETHER THERE IS AN ATTEMPT TO FORUM SHOP OR AVOID AN ADVERSE RULING OF A STATE COURT.

An attempt to forum shop or avoid an adverse ruling by the state court strongly weighs in favor of abstention. *Thiam,* 2005 U.S. Dist. LEXIS 40410 at *7 (citing *Nakash*, 882 F.2d at 1411).

Plaintiffs cite *Baddie v. Berkeley Farms, Inc.*, a Ninth Circuit case, which acknowledged that, "filing federal claims in state court is a legitimate tactical decision by the plaintiff...[and] [t]here [is] nothing manipulative about that straight-forward tactical decision." 64 F. 3d 487, 491 (9th Cir. 1995). However, the court in *Baddie* was discussing a situation in which the plaintiffs were giving the defendant the option to litigate the federal claim in state court and when defendants declined, plaintiffs had the choice of forum. *Id.*

There has been ample time in the case at bar, three years, since the filing of the two

*Knoch* lawsuits to add the FLSA action in federal court. Instead, Plaintiffs waited until immediately after the stay in the *Farotte* lawsuit to file the first federal action, the *Robertson* lawsuit. This action only supports the notion that Plaintiffs are indeed forum shopping. Plaintiff Farotte was obviously a named plaintiff in the *Farotte* lawsuit and if this suit proceeds in federal court, Plaintiff Farotte will successfully avoid the ruling of the judge in the *Farotte* lawsuit in state court.

## CONCLUSION

For the reasons stated above, Safeway's motion to dismiss is Denied, but the motion to stay is Granted. To assure Plaintiff Waterbury's rights are protected and that he does not get lost amongst the various pending state actions involving these same issues, this Court will not grant a dismissal of the action but rather grants a stay pending further developments in the *Knoch I* and *II* state lawsuits.  The parties shall file a brief case management statement (either jointly or separately) every 90 days to keep this Court informed of the progress of the *Knoch* and related state lawsuits. Should Plaintiffs' counsel need to do something additional to protect his clients' rights, counsel shall inform the Court and schedule a hearing.

IT IS SO ORDERED.

DATED: October 31, 2006.

_____
JAMES LARSON
Chief Magistrate Judge